UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY FOSTER and CORNELL
FOSTER,

    Plaintiffs,

v.                                                      Case No: 8:15-cv-1878-T-27MAP

GREEN TREE SERVICING, LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Agreed Joint Motion for Leave to File Evidence in Support of Class Certification and Summary Judgment Motions Under Seal (Dkt. 72). Upon consideration, the motion is **DENIED** *without prejudice*.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id.* at 599. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including summary judgment motions, motions in limine, and *Daubert* motions, and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001).[1]

---

[1] *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (*Daubert* materials).

1

The decision to seal is the trial court's prerogative, not the parties'. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Indeed, the parties' mutual agreement to keep documents confidential or to seal materials is "immaterial" to a court's decision regarding the public's right of access. *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992). The right to file a document under seal does not automatically follow a confidentiality designation during discovery. *See Baxter*, 297 F.3d at 545 (denying renewed, joint motion to place documents under seal, and stressing that parties must offer legal justification for placing documents under seal, not merely label documents as confidential); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (common law right of access cannot be overcome by "stereotyped and conclusory statements").[2]

The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public interest in access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Local Rules for the Middle District of Florida also prescribe the contents of a motion to seal. The movant must include (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is

---

[2] *In Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09(a).

The parties' motion does not comply with the requirements of Local Rule 1.09(a). For example, they fail to provide the reason a means other than sealing is unavailable (such as redaction), the reason their confidential information outweighs the public's interest in access to the information, and specific identifications and descriptions of each item proposed for sealing (particularly the underlying documents designated as confidential).

The right to file a document under seal does not automatically flow from the parties' designation of certain documents as "Confidential." Nor does the right to file arise from the Order granting in part the parties' Agreed Motion for Protective Order (Dkt. 19), which specifically requires the parties to obtain leave of court to file under seal and comply with Local Rule 1.09. (*Id.*)

Accordingly, Agreed Joint Motion for Leave to File Evidence in Support of Class Certification and Summary Judgment Motions Under Seal (Dkt. 72) is **DENIED** *without prejudice*.

**DONE AND ORDERED** this 3rd day of August, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record